UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KEVIN BECKER,

        **Plaintiff**

v.

BUFFALO PUBLIC SCHOOLS,                            07-CV-343A(Sr)

        **Defendant**

---

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #6.

Currently before the Court is defendant's motion (Dkt. #5), to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).  For the following reasons, it is recommended that defendant's motion be granted in part and denied in part.

## BACKGROUND

Plaintiff filed a Charge of Discrimination with the New York State Division of Human Rights ("NYSDHR"), on April 17, 2006, which alleged the following:

> I am a qualified individual with a disability.  I have been
> employed by the above named Respondent as a Substitute
> Teacher in Physical Education since around 1991.

> For the past few years, as recently as the beginning of the 2005-2006 school year, I have applied for full-time vacancies as a Physical Education Teacher with the Respondent. I am qualified to do the job, as evidenced by the fact that I have successfully served as a Substitute Teacher for several years. I also meet the residency requirements for teaching in the city. However, the Respondent repeatedly has hired less qualified, inexperienced, younger Teachers to fill the positions. Many of these individuals do not even live in the City of Buffalo. I have repeatedly been promised full-time positions and I was made to jump through hoops to repeatedly apply for the vacancies year after year. In addition, my part-time position was eliminated for the 2005-2006 school year.
>
> I believe I was treated in the above manner based on my disability and age, 41, in violation of Title I of the Americans with Disabilities Act of 1990 and the Age Discrimination Employment Act, respectively.

Dkt. #1, p.7. Plaintiff confirms that his birth date is in June of 1964. Dkt. #1, p.7.

Plaintiff indicates that the discrimination occurred on September 1, 2005, as well as on "4/01; 6/02; 4/03; 9/04." Dkt. #1, p.7.

The Charge of Discrimination was presented to the EEOC, which issued a Dismissal and Notice of Suit Rights on March 9, 2007, indicating that "the EEOC is unable to conclude that the information obtained establishes violations of the statutes." Dkt. #1, p.6.

Plaintiff commenced this action, *pro se*, on May 29, 2007, alleging a violation of the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. § 621 et al. ("ADEA"). Dkt. #1. Specifically, plaintiff alleges the following:

> Failure to employ me based on my age

>Failure to employ me while being told "no jobs"
>Failure to hire me while hiring younger candidates
>
>Failure to hire me while being told the [sic] need to hire females
>
>Failure to consider me for full-time employment after being told to fill out application [sic] repeatedly
>
>Failure to employ me as a legal resident in accordance of [sic] Board of Education law

Dkt. #1.

## DISCUSSION AND ANALYSIS

**Disputed Evidence Outside the Complaint**

Defendant moves to dismiss the complaint on the ground that plaintiff's allegation that the defendant refused to hire him in a full-time position is "demonstrably false, in as much as Defendant offered the position to Plaintiff on or about March 11, 2005, and Plaintiff verbally refused the position on March 11, 2005." Dkt. #5, ¶¶ 6-7.[1]

Plaintiff concedes that he was offered a position, but complains that it was only a ".4 position." Dkt. #11, ¶¶ 5-6.

The relevance of this factual dispute, and the insertion of facts outside the four corners of the complaint, renders this argument inappropriate for resolution in the context of a pre-answer motion to dismiss. *See Leonard F. v. Israel Discount Bank of*

---

[1] Defendant attaches to its motion papers a letter dated March 16, 2005 from Sharon Czemerys, Supervisor of Elementary Physical Education at the Buffalo Public Schools, to plaintiff confirming that plaintiff "verbally refused a full time (1.0 f.t.e.) position at West Hertel Academy on Friday March 11, 2005" and that plaintiff would continue in his "current position of .4 f.t.e. at Harriet Ross Tubman (#31) until the end of the 2005 school year. Dkt. #5-3.

*New York*, 199 F.3d 99, 107 (2d Cir. 1999) ("In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration "to facts stated on the face of the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken"); *see also Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).

**Title VII - Failure to Exhaust Administrative Remedies**

Defendant moves to dismiss the complaint to the extent that it asserts claims which were not presented to the EEOC and which were not reasonably related to the claims presented to the EEOC. Dkt. #5, ¶¶ 25-33. Specifically, defendant argues that plaintiff failed to alert the EEOC to his claims of discrimination on the basis of sex. Dkt. #5, ¶ 9.

"As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC." *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003). However, "claims that were not asserted before the EEOC may be pursued in a subsequent federal court action if they are reasonably related to those that were filed with the agency." *Id., quoting, Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (per curiam). "A claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made." *Id., quoting Fitzgerald v. Henderson*, 251 F.3d 345, 359-60 (2d Cir. 2001), *cert. denied*, 536 U.S. 922 (2002). "[T]he factual allegations in the EEOC charge, rather than any legal theories stated therein, should be the focus for determining whether a cause of action is reasonably related to the plaintiff's EEOC charge." *Bridges v. Eastman Kodak Co.*, 822

F. Supp. 1020, 1026 (S.D.N.Y. 1993); see Whitlow v. Visiting Nurse Assoc. of W.N.Y., 2005 WL 2126463, at * 7 (W.D.N.Y. Sept. 1, 2005), aff'd 186 Fed. Appx. 36 (2d Cir. 2006); Cooper v. Xerox Corp, 994 F. Supp. 429, 432 (W.D.N.Y. 1998).

In the instant case, plaintiff alerted the EEOC, by way of a Charge of Discrimination filed with the NYSDHR, that he was denied full-time employment because of his disability and because of his age.  Dkt. #1, p.7.  However, plaintiff did not include any allegations or facts which would suggest sex discrimination.  Accordingly, to the extent that plaintiff's complaint attempts to assert a claim for sex discrimination,[2] it is recommended that such claim be **DISMISSED** for failure to exhaust administrative remedies.

**ADA - Sufficiency of Pleading**

Defendant argues that plaintiff has failed to establish a *prima facie* case of discrimination in violation of the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117 ("ADA").  Dtk. #5, p.8.

In fact, plaintiff has failed to assert a claim of disability discrimination.  Plaintiff's complaint does not indicate that it is being brought for discrimination in employment pursuant to the ADA nor does it indicate that defendant's conduct is discriminatory with respect to a disability.  Dkt. #1.  Plaintiff also failed to complete any of the four numbered paragraphs within the section of the pre-printed *pro se* discrimination complaint **"FOR LITIGANTS ALLEGING AN AMERICANS WITH**

---

[2] Although plaintiff's complaint does not indicate that it is being brought for discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964, it does allege harassment on the basis of sex and discriminatory conduct with respect to sex and includes a factual allegation of "failure to employ me while being told the need [sic] to hire females." Dkt. #1.

**DISABILITIES ACT CLAIM."**  Dkt. #1, p.5.  Moreover, plaintiff's complaint does not allege failure to provide plaintiff with reasonable accommodations in the application process or in the performance of the essential functions of his job nor does it include any factual allegations of disability.  Dkt. #1.  Thus, plaintiff has not plead a claim of discrimination pursuant to the ADA.  Accordingly, there is no such claim to dismiss and, therefore, it is recommended that defendant's motion to dismiss be **DENIED** on the basis that it is moot.

**ADEA - Sufficiency of Pleading**

Defendant argues that plaintiff has failed to establish a *prima facie* case of discrimination in violation of the ADEA.  Dtk. #5, p.4.

The United States Supreme Court has clearly stated that "under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case . . .."  *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1982 (2007), *quoting Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 511 (2002).  Thus, plaintiff is merely required to satisfy the standards of Fed. R. Civ. P. 8(a)(2), which provides that a complaint must include only a short and plain statement of the claim showing that the pleader is entitled to relief.  *Swierkiewicz*, 534 U.S. at 512.  "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests.'"  *Id., quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) (*abrogated on other grounds by Twombly*, 127 S. Ct. 1955).

Plaintiff's allegation that defendant failed to hire him in a full-time position because of his age, combined with a date of birth that identifies him as a member of the protected class for an age discrimination claim, is sufficient to state a cause of action

pursuant to the ADEA.  *See Vallone v. Banca Nazionale del Lavoro, NY Branch*, No. 02 Civ. 6064, 2004 WL 2912887, at *3 (S.D.N.Y. Dec. 14, 2004) (finding allegations that plaintiffs were over the age of 40 and were fired based on their ages sufficient to state a claim of age discrimination).  Accordingly, it is recommended that this aspect of defendant's motion to dismiss be **DENIED**.

**ADEA – Age Limits/Protected Class**

Defendant argues that plaintiff cannot claim age discrimination based upon allegedly adverse employment actions which occurred prior to his 40th birthday in June, 2004.  Dkt. 5, ¶ 18.

In response, plaintiff asserts that he has suffered discrimination on the basis of age since September of 2004.  Dkt. #11, ¶ 11.  Plaintiff's Charge of Discrimination alleged that the discrimination took place on September 1, 2005 and also in September of 2004.  Dkt. #1, p.7.  Plaintiff's complaint asserts that the first discriminatory act occurred in September of 2006.  Dkt. #1, p.2.  As plaintiff was within the protected class for age discrimination claims on each of these alleged dates, defendant's argument is without merit.  *See* 29 U.S.C. § 631 (a) ("The prohibitions of this chapter shall be limited to individuals who are at least 40 years of age."). However, plaintiff cannot support a claim of age discrimination with respect to the dates of 4/01; 6/02 and 4/03, which were also included in his Charge of Discrimination, as he was not yet within the protected class for claims of age discrimination until June 16, 2004.

## **CONCLUSION**

Based on the foregoing, it is recommended that the defendant's motion to dismiss (Dkt. #5), be **GRANTED** in part and **DENIED** in part.  Specifically, defendant's

motion to dismiss should be **GRANTED** with respect to plaintiff's claim of sex discrimination and **DENIED** with respect to plaintiff's claim of age discrimination occurring subsequent to June, 2004.  As plaintiff's complaint does not assert a claim for discrimination on the basis of disability, this aspect of defendant's motion should be **DENIED** as moot.

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Order and a copy of the Report and Recommendation to the plaintiff and the attorney for the defendant.

**SO ORDERED.**

DATED:	Buffalo, New York
	August 20, 2008

		*S/ H. Kenneth Schroeder, Jr.*
		**H. KENNETH SCHROEDER, JR.**
		**United States Magistrate Judge**